**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FANY ESPERANZA DIAZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al.,<br>Respondents. | Case No.: 3:26-cv-05113-RBM-DEB<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Pending before the Court is Petitioner Fany Esperanza Diaz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a native and citizen of Honduras, entered the United States "on October 25, 2015, was apprehended the same day, and was detained at the T. Don Hutto Residential Center in Taylor, Texas." (Doc. 1 ¶ 28.) "On November 23, 2015, an asylum officer interviewed [Petitioner] and found that she had a credible fear of persecution in Honduras" and "found no bar to asylum or withholding of removal." (*Id.* ¶ 29.) On November 28, 2015, Petitioner was issued a Notice to Appear ("NTA") charging her as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as a noncitizen "present in the United States who has

not been admitted or paroled." (*Id.* ¶ 30.) The NTA also noted that it was "being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture." (*Id.*) Petitioner alleges, on information and belief, that "no expedited removal order was ever entered against her." (*Id.*) On December 7, 2015, the U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice of Custody Determination and released her from custody on a $4,000 bond pursuant to 8 C.F.R. § 236. (*Id.* ¶ 31; *see* Doc. 1-3, Ex. 1 at 2.)

Petitioner went to live in Washington, D.C. with her brother and continued to attend all immigration hearings. (Doc. 1 ¶¶ 32–33.) On September 22, 2022, an immigration judge ("IJ") ordered her removal proceedings dismissed. (*Id.* ¶ 33.)

On August 5, 2026, Metropolitan Police Department officers arrested Petitioner in Washington, D.C. (*Id.* ¶ 35.) The Metropolitan Police Department filed no charges against Petitioner and subsequently turned Petitioner over to U.S. Customs and Immigration Enforcement ("ICE"). (*Id.* ¶¶ 3, 35; *see* Doc. 1-5, Ex. 3 at 2.) "On August 6, 2026, ICE issued a new NTA charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen "present in the United States who has not been admitted or paroled." (Doc. 1 ¶ 36.) Petitioner alleges, upon information and belief, that "Respondents did not serve [her] with a Notice of Custody Determination, did not inform her of any basis for revoking the release granted in 2015, and did not afford her any custody review or opportunity to seek a custody redetermination before an [IJ], because Respondents have taken the position that [Petitioner] is subject to mandatory detention and is ineligible for bond." (*Id.* ¶ 37.) Petitioner was then transferred from Virginia to the Otay Mesa Detention Center, where she has remained detained ever since. (*Id.*)

On September 9, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) Respondents filed a Response to the Petition on September 21, 2026. (Doc. 4.) Petitioner filed a Traverse on September 22, 2026. (Doc. 5.)

## II. <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United

States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. <u>DISCUSSION</u>

Petitioner claims her immigration detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 42–58.) Respondents cite the Ninth Circuit's recent decision in *Rodriguez Vasquez v. Bostock*,— F.4th—, 2026 WL 2196424 (9th Cir. July 30, 2026), and assert that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." (Doc. 4 at 2.) Respondents further "acknowledge[ ] that Petitioner is subject to detention under 8 U.S.C. § 1226(a)" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (*Id.* at 2–3.)

In *Rodriguez Vazquez*, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 2026 WL 2196424, at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided in the country for almost 14 years, § 1226(a)'s discretionary procedures govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Petition is **<u>GRANTED</u>**.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. Petitioner claims, and Respondents do not dispute, that she was previously released from immigration detention. (*See* Doc. 1 ¶¶ 1, 31.) This Court has repeatedly held that a petitioner's prior grant of release on conditional parole raises a liberty

interest and entitles the petitioner to procedural due process rights under the Fifth Amendment's Due Process Clause. *See Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (applying the due process inquiry set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and finding the Government's "revocation of [a petitioner's] conditional parole without an opportunity to be heard deprived [p]etitioner of his due process rights."). The Court therefore adopts its reasoning in those cases and applies it here.

For those same reasons, Petitioner's re-detention without a pre-deprivation hearing violated her due process rights and rendered her detention unlawful. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").[1]

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody, subject to the conditions of her preexisting parole.
2. The Court **ORDERS** that, prior to any re-detention, the noncitizen shall receive notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.
3. The noncitizen bears the burden of demonstrating, by a preponderance of the

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

evidence, that he is not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

**IT IS SO ORDERED**.

DATE: September 24, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE